UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | 21 C 112 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before a plaintiff files suit under the Americans with Disabilities Act ("ADA"), she must file an administrative charge with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 12117(a) (adopting Title VII enforcement procedures for ADA claims); *id*. § 2000e-5(f)(1) (requiring administrative exhaustion before suit is filed); *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018) ("An ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer."). "For a plaintiff to proceed on a claim not raised in an EEOC charge, there must be a reasonable relationship between the allegations in the charge and the claims in the complaint, and it must appear that the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010) (internal quotation marks omitted). Such claims must be "like or reasonably related to the administrative charges." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1102 (7th Cir. 2013) (internal quotation marks omitted).

The complaint here alleges that Illinois Department of Human Services discriminated against Angela Williams by changing the job requirements for an open position, with the intent to exclude her from getting the position. Doc. 11 at ¶ 13; Doc. 67 at 1. Williams's EEOC

charge, by contrast, alleges that the Department discriminated against her by rescinding an accommodation and placing her on involuntary medical leave. Doc. 11 at p. 7. Those two discrete acts of alleged discrimination are not reasonably related. *See Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011) ("To be like or reasonably related, the relevant claim and the EEOC charge must, at minimum, describe the same conduct and implicate the same individuals.") (internal quotation marks omitted); *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) ("[A] claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination."). Because the alleged discrimination regarding the job posting is not reasonably related to the conduct described in Williams's EEOC charge, her claim must be dismissed without prejudice insofar as it relates to the job posting. *See Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009) ("Because [the plaintiff] failed to exhaust administrative remedies, her complaint must be dismissed without prejudice."). Williams may pursue her claim based on the job posting in federal court after properly exhausting her administrative remedies, subject to the statute of limitations and any other defenses.

That said, Williams may have intended to plead a discrimination claim arising from the Department's alleged rescission of her accommodation and placement on medical leave, which is described in her EEOC charge and therefore exhausted. Doc. 11 at p. 7; Doc. 67 at 1-2. Such a claim appears timely under both the 300-day and 90-day limitations periods governing the two steps that a plaintiff must take to bring an ADA claim. *See Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004) ("[C]laims for discrimination under the ADA also must be filed within 300 days 'after the alleged unlawful employment practice occurred.'") (quoting 42 U.S.C. § 2000e-5(e)(1), *incorporated by* 42 U.S.C. § 12117(a)); *Lloyd v. Swifty Transp., Inc.*,

2

552 F.3d 594, 600 (7th Cir. 2009) ("Under the ADA a plaintiff must file suit within ninety days of receiving notice of his right to sue.") (citing 42 U.S.C. § 2000e-5(f)(1)).

Regarding the 300-day limitations period, Williams alleges that she filed an EEOC charge online on May 14, 2019, Doc. 67 at 4, which the Department concedes would be timely, Doc. 60 at 6 ("Plaintiff … had … until May 28, 2019, to file her EEOC charge."). The Department's argument that the online form was deficient because Williams did not sign it before submitting it, Doc. 68 at 4, misses the mark because her August 2019 signature cured any defect in the May 2019 filing under the relation-back doctrine. *See Edelman v. Lynchburg Coll.*, 535 U.S. 106, 116-17 (2002) (holding that an oath for an EEOC charge relates back to an earlier, unverified filing); *see also EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 756 (5th Cir. 2020) ("[T]he [Supreme] Court made clear in *Edelman* that verification of a charge (and, by extension, an intake questionnaire that qualifies as a charge) can occur outside the filing period because the object of the verification requirement—to protect employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury—is not disturbed so long as the employee verifies the claim by the time the employer is obliged to respond to the charge."). Moreover, the EEOC did not check the box for an untimely filing on Williams's right-to-sue letter, Doc. 11 at p. 8, which indicates that her charge was timely. *See Fugate v. Dolgencorp, LLC*, 555 F. App'x 600, 605 (7th Cir. 2014) (holding that the plaintiff's charge was timely in part because "the box next to 'charge was not timely filed' is not checked" on the plaintiff's right-to-sue letter).

As for the 90-day limitations period, Williams's allegation that she received the right-to-sue letter on "September 30, *2019*," Doc. 11 at ¶ 8 (emphasis added), is clearly a scrivener's error. *See Sinha v. Bradley Univ.*, 995 F.3d 568, 575-76 (7th Cir. 2021) (noting that a

3

court may correct a scrivener's error if it is "one of transcription") (citation omitted). The right-to-sue letter is dated September 30, *2020*, Doc. 11 at p. 8, and given that it was mailed, Williams of course did not receive it that day. Indeed, her opposition brief clarifies that she received the letter between 7 and 10 days after the EEOC sent it. Doc. 67 at 3. Williams then filed her complaint in federal court on January 7, 2021, which could be timely depending on precisely when she received the letter—a matter that cannot be resolved on the pleadings. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("As long as there is a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense, questions of timeliness are left for summary judgment (or ultimately trial), at which point the district court may determine compliance with the statute of limitations based on a more complete factual record."). Thus, it would not be futile for Williams to plead a claim based on the alleged rescission of her accommodation and placement on medical leave, and the court grants her leave to file an amended complaint directed toward such a claim.

To the extent that Williams asserts a claim under 42 U.S.C. § 1983, Doc. 11 at ¶¶ 10-11; Doc. 67 at 5, that claim is barred by sovereign immunity because the Department is a state agency. *See de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019) ("[Eleventh Amendment] immunity extends to state agencies … ."). Illinois has waived its sovereign immunity for ADA claims, *see* 745 ILCS 5/1.5(d), but not for § 1983 claims.

June 6, 2022

_____
United States District Judge

4